FILED

2008 APR -4 PM 4: 10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAYFORD,<br>CDCR #J-30267,<br><br>        Plaintiff,<br><br>vs.<br><br>G.J. GIURBINO; R.M. HOUSTON;<br>J. STOKES; S. VALENZUELA;<br>J.C. MARTINEZ; PIKE STIENS;<br>DR. DAVE KHATRI; DR. BEN<br>ESPERANZA; JOHN DOES,<br><br>        Defendants. | Civil No. 07-1684 W (AJB)<br><br>**ORDER DIRECTING U.S.<br>MARSHAL TO EFFECT SERVICE<br>OF FIRST AMENDED<br>COMPLAINT PURSUANT TO FED.<br>R. CIV. P. 4(c)(2) AND 28 U.S.C.<br>§ 1915(d)** |

  On August 24, 2007, Eugene Rayford ("Plaintiff"), a state prisoner currently incarcerated at California Substance Abuse Treatment Facility located in Corcoran, California, and proceeding pro se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983 which alleges constitutional violations that arose while he was incarcerated at Centinela State Prison. On December 4, 2007, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dec. 4, 2007 Order at 6-7.

////

Nonetheless, the Court granted Plaintiff forty five (45) days to submit a First Amended Complaint correcting the deficiencies of pleading noted in the Court's Order. *Id.* at 7. On January 7, 2008, Plaintiff filed his First Amended Complaint ("FAC").

### I.  Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

////

////

Here, the Court finds that Plaintiff's claims in his First Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). However, Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

### III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   The Clerk shall issue summons as to Plaintiff's First Amended Complaint upon Defendants, provide Plaintiff with a certified copy of this Order, the December 4, 2007 Order Granting IFP [Doc. No. 4], and his First Amended Complaint [Doc No. 7], and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in the Amended Complaint. Plaintiff shall complete the Form 285s and forward them to the United States Marshal. Thereafter, the U.S. Marshal shall, serve a copy of Plaintiff's Amended Complaint, summons upon Defendants as directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by the United States pursuant to 28 U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(2).

2.   Defendants are thereafter **ORDERED** to reply to the First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

1 | determination based on the face on the pleading alone that Plaintiff has a "reasonable
2 | opportunity to prevail on the merits," Defendants are required to respond).

3 |     3.    Plaintiff shall serve upon Defendants or, if appearance has been entered by
4 | counsel, upon Defendants' counsel, a copy of every further pleading or other document
5 | submitted for consideration of the Court. Plaintiff shall include with the original paper to be
6 | filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
7 | of any document was served on Defendants, or counsel for Defendants, and the date of service.
8 | Any paper received by the Court which has not been filed with the Clerk or which fails to
9 | include a Certificate of Service will be disregarded.

10 | **IT IS SO ORDERED.**

11 |
12 | DATED: __4/3/08__                      _____
                                            HON. THOMAS J. WHELAN
13 |                                         United States District Court