cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eugene RAYFORD,<br><br>      Plaintiff,<br>v.<br><br>G.J. GIURBINO, et al.,<br><br>      Defendants. | Civil No.07cv1684 W (AJB)<br><br>Order Denying Request for<br>Appointment of Counsel<br>[Doc. No. 42] |

  Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, has filed an action under 42 U.S.C. § 1983 alleging violation of his rights under the Eighth Amendment by prison officials. Plaintiff requests appointment of counsel under the Civil Rights Act of 1964, 42 U.S.C. 2000e 5(f)(1), however, that section applies to employment actions and this action was brought under the Civil Rights Act, 42 U.S.C. §1983 and as such, 28 U.S.C. § 1915(e)(1) would apply to the instant request.

  The district court may appoint *pro bono* counsel for an indigent *pro se* litigant in a civil appeal pursuant to 28 U.S.C. § 1915(e)(1) in cases presenting exceptional circumstances. *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Based upon Plaintiff's application and a review of the pleadings in this case, the Court concludes that there is no basis for appointment of counsel at this point in the proceedings.

  "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have

1  the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490
2  U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.
3  1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that
4  an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell*
5  *v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir.
6  1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success
7  on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of
8  the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before
9  reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

10  Here, this Court does not find that exceptional circumstances exist so as to justify an appoint-
11  ment of counsel. Plaintiff has been able to set forth the factual and legal basis for his claims with
12  sufficient clarity to allow them to be addressed on their merits. Plaintiff's legal claims, and the factual
13  bases for those claims in this case, are not so complex as to require the appointment of counsel.
14  Accordingly, the Court finds that there do not exist "exceptional circumstances" requiring the appoint-
15  ment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the proceedings. Plaintiff's motion is
16  DENIED.

17  IT IS SO ORDERED.

19  DATED: November 24, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court