

**FILED**

MAR 2 5 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ CI _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAYFORD,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>G.J. GIURBINO, Warden; et. al.,<br><br>　　　　　　　　Defendants. | CASE NO.07-CV-1684 (AJB)<br><br>**ORDER:**<br><br>**1) ADOPTS-IN-PART AND REJECTS-IN-PART REPORT AND RECOMMENDATION** (Doc. No. 40.)<br><br>**2) GRANTS MOTION TO DISMISS** (Doc. No. 30.)<br><br>**3) GRANTS DEFENDANT MARTINEZ'S MOTION TO DISMISS** (Doc. No. 58.)<br><br>**4) GRANTS PLAINTIFF'S MOTION FOR LEAVE** (Doc. No. 47.)<br><br>**5) DENIES PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT** (Doc. No. 60.) |

On August 24, 2007, Plaintiff Eugene Rayford ("Plaintiff"), a state prisoner proceeding *pro se*, filed a First Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 7.)  Defendants R. Houston, S. Valenzuela, D. Khatri, and B. Esperanza filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to exhaust administrative remedies and pursuant to Federal Rule of Civil Procedure 12(b)(6).

07-CV-1684 (AJB)

1  (Doc. No. 30.)  On October 17, 2008, Magistrate Judge Anthony J. Battaglia issued a
2  Report and Recommendation ("Report") recommending that Defendants' motion to
3  dismiss be granted-in-part and denied-in-part. (Doc. No. 40.)  Plaintiff then filed an
4  objection to the Report and a motion for leave to amend his original complaint. (Doc.
5  Nos. 45, 47.)  Two months after the Report was issued, a fifth defendant, J.C. Martinez
6  ("Martinez"), was served and filed a motion to dismiss. (Doc. No. 58.)  In response,
7  Plaintiff filed a motion of default. (Doc. No. 60.)

8       The Court decides the matter on the papers submitted and without oral
9  argument.  See Civ. L.R. 7.1.(d.1).  For the reasons outlined below, the Court
10  **ADOPTS-IN-PART** and **REJECTS-IN-PART** the Report, **GRANTS** Defendants
11  Houston, Valenzuela, Khatri, and Esperanza's motion to dismiss, and **GRANTS**
12  Defendant Martinez's motion to dismiss.  The Court also **GRANTS** Plaintiff's motion
13  for leave to amend and **DENIES** Plaintiff's motion for entry of default.

14

15  I.    BACKGROUND

16       Plaintiff Eugene Rayford is a state prisoner currently incarcerated at Centinela
17  State Prison in Imperial, California.  Defendants are a collection of people who are
18  responsible or work for the California prison system.  The following description of
19  events is taken from the parties' pleadings and is not to be construed as findings of facts
20  by the Court.

21       Plaintiff alleges that on October 11, 2004, he submitted a "sick call slip" to the
22  California Department of Corrections (CDC) health care staff, complaining of chest
23  and throat pains, pain caused by a rash on his right ankle, and a cyst on his genitals.
24  (*Report* 2.)  Having received no response to his sick call slip, Plaintiff filed a CDC
25  Inmate Grievance Appeal (a "602"), claiming he did not receive a response to his sick
26  call slip and that the pain in his neck was worsening. (*Id.*)  Plaintiff then alleges that on
27  November 3, 2003, he was informed that his 602 was being forwarded to the A-yard
28  medical treatment facility ("A-yard"). (*Id.*)

Having received no response from A-yard by November 18, 2004, Plaintiff spoke with Defendant Sergeant Martinez about his situation. (*Id.*)  Martinez phoned A-yard but no one answered. (*Id.*)  Martinez then allegedly told Plaintiff that Defendant Houston, the Associate Warden, would be arriving soon and would be able to help him. (*Id.*)  Plaintiff spoke with Houston when she arrived and Houston allegedly stated, "I'll see what I can do when I walk by the medical clinic." (*Id.*)  Plaintiff claims Houston never reported back to him. (*Id.*)  Plaintiff then spoke with Defendant Valenzuela about his situation and Valenzuela told him that he and another officer would ask the nurse about Plaintiff's situation when they passed by A-yard. (*Id.* 3.)  Plaintiff contends that he never heard back from Valenzuela or any other officer. (*Id.*)

On November 19, 2004, Plaintiff states that a Medical Technical Assistant ("MTA") told him that A-yard cancelled all sick call slips between October 11, 2004, and February 1, 2005. (*Id.*)  After hearing this, Plaintiff submitted a new sick call slip to the MTA office. (*Id.*)  Still having heard no response, Plaintiff filled out a second 602 and submitted it on December 7, 2004. (*Id.*)  Twelve days later, Plaintiff heard back from CDC and was diagnosed with laryngitis, allergies, and a marble-sized cyst on his left testicle. (*Id.*)  He was prescribed medication for his injuries.[1] (*Id.*)  Plaintiff contends that Defendants Khatri and Esperanza were the physicians assigned to A-yard between October 11, 2004, and February 1, 2005, when the sick call slips were cancelled.  (*Id.*)

Plaintiff further alleges that on January 4, 2005, CDC officers responded to an old sick call slip he filled out in November. (*Id.*)  Plaintiff claims he was twice examined in a holding cell that was unsanitary because of hair, dust, and dirt. (*Id.*)

In addition, Plaintiff complains of being subject to inhumane conditions of confinement.  On November 23, 2004, Plaintiff noticed mold on the bottom of his mattress. (*Id.*)  On numerous occasions, Plaintiff alleges he told officials about his mattress but did not receive a new one. (*Id.*)  At one point, Plaintiff claims  Houston

---

[1] Plaintiff states in his opposition that he was given amoxicillin for his laryngitis, aspirin enteric for pain, triamcinolone for his rash, and chlorphenamine for his allergies.  (*Report* 3.)

-3-

1  ordered Martinez to give Plaintiff a new mattress but he refused. (*Id.*)  It was not until
2  Houston ordered Martinez to give Plaintiff a new mattress a second time that Martinez
3  complied. (*Id.*)  Plaintiff claims that because of the mold-infested mattress, from
4  November 23, 2004, to February 1, 2005, he was forced to live in inhumane conditions,
5  having to eat his food with mole spores in the air and that the smell of the mold caused
6  him further injuries. (*Id.*)

7        On August 24, 2007, Plaintiff filed a FAC alleging deliberate indifference to
8  serious medical conditions by prison officials and that he was denied humane conditions
9  of confinement. (Doc. No.   7.)   Defendants Houston, Valenzuela, Khatri, and
10  Esperanza then filed a motion to dismiss Plaintiff's FAC for failure to exhaust
11  administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc.
12  No. 30.)  On October 17, 2008, the Magistrate Judge issued his Report recommending
13  that Defendants' motion to dismiss be granted-in-part and denied-in-part. (Doc. No.
14  40.) Plaintiff then filed an objection to the Report and a motion for leave to amend his
15  original complaint. (Doc. Nos. 45, 47.)  Subsequently, Defendant Martinez was served
16  and filed a motion to dismiss. (Doc. No. 58.)   Plaintiff has since filed a motion of
17  default. (Doc. No. 60.)

18

19  **II.   LEGAL STANDARD**

20        The Court must dismiss a cause of action for failure to state a claim upon which
21  relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under  Rule
22  12(b)(6) tests the complaint's sufficiency.  See North Star Int'l. v. Arizona Corp.
23  Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint,
24  "even if doubtful in fact," are assumed to be true.  Id.  The court must assume the truth
25  of all factual allegations and must "construe them in the light most favorable to the
26  nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also
27  Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

28

07-CV-1684 (AJB)

1   As the Supreme Court explained, "While a complaint attacked by a Rule
2  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
3  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels
4  and conclusions, and a formulaic recitation of the elements of a cause of action will not
5  do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the
6  allegations in the complaint "must be enough to raise a right to relief above the
7  speculative level." Id. at 1964–65. A complaint may be dismissed as a matter of law
8  either for lack of a cognizable legal theory or for insufficient facts under a cognizable
9  theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).
10   Where a plaintiff appears *in propria persona* in a civil rights case, the court must
11  also be careful to construe the pleadings liberally and afford plaintiff any benefit of the
12  doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.
13  1988). However, at a minimum, even a *pro se* plaintiff must allege with at least some
14  degree of particularity over acts which defendants engaged in that support his claim.
15  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).
16
17  **III.   DISCUSSION**
18   As an initial matter, the Court notes its concurrence with the Magistrate Judge's
19  Report, based on the information available at the time, regarding Defendants Houston,
20  Valenzuela, Khatri, and Esperanza's motion to dismiss. Since the Report was issued,
21  however, Defendant Martinez filed a motion to dismiss which provided the Court
22  additional facts regarding administrative exhaustion, which necessarily apply to all the
23  defendants. Plaintiff did not oppose this motion.
24   In light of the new facts provided by Defendant Martinez, the Court **ADOPTS-**
25  **IN-PART** and **REJECTS-IN-PART** the Report, **GRANTS** Defendants Houston,
26  Valenzuela, Khatri, and Esperanza's motion to dismiss, and **GRANTS** Defendant
27  Martinez's motion to dismiss. The Court also **GRANTS** Plaintiff's motion for leave to
28  amend and **DENIES** Plaintiff's motion for entry of default.

07-CV-1684 (AJB)

1   **A.**   **Defendants Houston, Valenzuela, Khatri, and Esperanza's Motion to**
2   **Dismiss & Defendant Martinez's Motion to Dismiss**

3   Defendants Houston, Valenzuela, Khatri, and Esperanza move to dismiss
4   Plaintiff's FAC for failure to exhaust administrative remedies and pursuant to Federal
5   Rule of Civil Procedure 12(b) and 12(b)(6). (*Def.'s Mot.* 2.) They contend, among
6   other things, that: (1) Plaintiff did not exhaust his administrative remedies before filing
7   his suit in federal court; and (2) Defendants are entitled to Eleventh Amendment
8   immunity from suit brought against them in their official capacities. (*Id.*)

9

10   **1.**   **Plaintiff Did Not Exhaust All Administrative Remedies**
11   The Report recommends that Defendants Houston, Valenzuela, Khatri, and
12   Esperanza's motion to dismiss for failure to exhaust administrative remedies be denied.
13   Relying on the facts available at the time, the Report properly explains that
14   "Defendants have failed to bear its burden to show that Plaintiff has not exhausted his
15   claims." (*Report* 7.) To date, Defendants have not filed an objection to the Report.
16   Two months after the Report was issued, however, Defendant Martinez was served and
17   filed a motion to dismiss. (Doc. No. 58.) His motion to dismiss, unlike that of the
18   original four Defendants, adequately shows why Plaintiff has failed to exhaust his
19   claims.
20   The Ninth Circuit has held that failure to exhaust non-judicial remedies is a
21   matter of abatement not going to the merits of the case and is properly raised pursuant
22   to a motion to dismiss. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837
23   F.2d 365, 368–69 (9th Cir. 1988). Defendants have the burden of showing that a
24   plaintiff has not exhausted his administrative remedies. Jones v. Bock, 127 S.Ct. 910,
25   919 (2007); Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). In deciding a motion
26   to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the
27   pleadings and decide disputed issues of fact. Ritza, 837 F.2d at 369.
28

07-CV-1684 (AJB)

The Prison Litigation and Reform Act ("PLRA") amended 42 U.S.C. § 1997e to provide that "no action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is required prior to the filing of any prisoner lawsuit concerning prison life, whether the claims involve general conditions or specific incidents and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a pre-requisite to suit." Id. at 524.

The State of California provides its prisoners and parolees the right to administratively appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare. Cal. Code Regs. tit. 15, § 3084.1(a). Exhausting the administrative remedies involves several steps: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) "second level appeal" to the institution head or designee, and finally (4) "third level appeal" to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). The third level, or "Director's Level," of review shall be final and exhausts all administrative remedies available in the Department of Corrections. Cal. Dep't of Corrections Operations Manual § 54100.11, "Levels of Review"; Barry, 985 F. Supp. at 1237–38; Irvin v. Zamora, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).

Martinez asserts that Plaintiff failed to complete the four steps of the inmate appeals process and, unlike Defendants Houston, Valenzuela, Khatri, and Esperanza, explains why. (Martinez's Mot. 11.) Martinez states that although Plaintiff completed the first two steps of the prisoner appeals process, he failed to complete the last two steps. (Id.) In his motion to dismiss, Martinez explains that it is clear that Plaintiff did not complete all four steps of the administrate appeals process because he did not

1  "obtain a Director's level decision documenting the completion of this process." (*Id.*)
2  Martinez supports this assertion by including a declaration from N. Grannis, Chief of
3  the CDC's Inmate Appeals Branch. (*Grannis Dec. 1.*)  The declaration states that the
4  Inmate Appeals Branch receives all inmate appeals submitted to the third formal level
5  of review. (*Id.*)  Grannis asserts that "[a] thorough search by my staff, of records kept
6  in the ordinary course of business in the Office of the Inmate Appeals...revealed that
7  no appeals were filed and accepted for review by the Inmate Appeals Branch regarding
8  the allegations...made by [Plaintiff]." (*Id.* 3.)

9         Plaintiff did not oppose Martinez's motion to dismiss.  Since Martinez provided
10 facts demonstrating why Plaintiff failed to exhaust his claims, and Plaintiff did not
11 provide the Court with any evidence to the contrary, the Court **GRANTS** Defendant
12 Martinez's motion to dismiss for failure to exhaust all administrative remedies.

13        As mentioned above, the Magistrate Judge properly concluded that Defendants
14 Houston, Valenzuela, Khatri, and Esperanza's motion to dismiss for failure to exhaust
15 administrative claims be denied.  In light of the new facts provided by Defendant
16 Martinez establishing that Plaintiff failed to complete the inmate appeals process,
17 however, Plaintiff's suit is dismissed in its entirety.  Accordingly, the Court **REJECTS**
18 the Report and **GRANTS** Defendants Houston, Valenzuela, Khatri, and Esperanza's
19 motion to dismiss for failure to exhaust administrative claims.  The Court rules that
20 such claims be **DISMISSED WITHOUT PREJUDICE**.

21

22              **2.      Defendants are Entitled to Eleventh Amendment Immunity**

23        Defendants Houston, Valenzuela, Khatri, and Esperanza argue they are entitled
24 to Eleventh Amendment immunity from suit brought against them in their official
25 capacity. (*Def.'s Mot.* 2.)  The Report recommends that Defendants' motion to dismiss
26 based on Eleventh Amendment immunity be granted. (*Report* 8.)   Since then,
27 Defendant Martinez has also alleged he is entitled to Eleventh Amendment immunity
28 from suit brought against him in his official capacity.

1    The Supreme Court has held that the Eleventh Amendment bars a prisoner's
2  section 1983 claims against state actors sued in their official capacities. <u>Will v.</u>
3  <u>Michigan</u>, 491 U.S. 58, 66 (1989). This is because actions against a government officer
4  are, in reality, actions against the state itself. <u>McMillian v. Monroe County</u>, 520 U.S.
5  781, 785 (1997); <u>Stivers v. Pierce,</u> 71 F.3d 732, 749 (9th Cir. 1995). Accordingly, the
6  Court **ADOPTS** the Report, **GRANTS** Defendants Houston, Valenzuela, Khatri, and
7  Esperanza's motion to dismiss, and **GRANTS** Defendant Martinez's motion to dismiss
8  to the extent that Plaintiff seeks damages against them in their official capacities. The
9  Court rules that such claims be **DISMISSED WITH PREJUDICE**.

10
11   **B.    Plaintiff's Motion for Leave**
12   Plaintiff filed a motion for leave to amend his original complaint in regards to his
13  claims against Defendants Khatri and Esperanza. (Doc. No. 47.) Plaintiff, a *pro se*
14  litigant, reasons that he needs more time to file an amended complaint because he first
15  had to file objections to the Report. (*Id* at 1.) Although this motion for leave would
16  have been more appropriately filed in Plaintiff's Opposition to the Report, the Court
17  **GRANTS** Plaintiff's motion for leave to amend to file a Second Amended Complaint
18  ("SAC"). Plaintiff should only file a SAC if he can plead facts establishing that he
19  exhausted the inmate appeals process before filing his claim in federal court. If he
20  cannot do so, his SAC will be found insufficient.

21
22   **C.    Plaintiff's Motion of Default**
23   Plaintiff did not file an opposition to Defendant Martinez's motion to dismiss.
24  The Court assumes this is because he filed, and believed he was entitled to, a motion
25  of default. In his motion of default, filed February 27, 2009, Plaintiff argues that a
26  default judgment should be entered against Defendant Martinez for failing to answer
27  his FAC. (*Pl.'s Mot. of Default* 1.) Specifically, Plaintiff asserts that because he filed his
28  FAC on October 12, 2008, Martinez was required to respond by January 15, 2009. (*Id.*)

1  While the Court finds this to be true, Martinez did properly submit his motion to

2  dismiss Plaintiff's FAC on January 15, 2009. (Doc. No. 58.)  As such, Martinez satisfied

3  the filing requirement and the Court **DENIES** Plaintiff's motion of default.

4

5  IV.   CONCLUSION AND ORDER

6       For the above reasons, and the reasons expressed in the Report and herein

7  incorporated by reference, the Court **ADOPTS-IN-PART** and **REJECTS-IN-PART**

8  the Report (Doc. No. 40.), **GRANTS** Defendants Houston, Valenzuela, Khatri, and

9  Esperanza's motion to dismiss (Doc. No. 30.), and **GRANTS** Defendant Martinez's

10 motion to dismiss (Doc. No. 58).  Specifically:

11

12       1.    The Court **GRANTS** Defendants Houston, Valenzuela, Khatri, and
13             Esperanza's motion to dismiss and Defendant Martinez's motion to dismiss
               for failure to exhaust administrative remedies and rules that such claims
14             be **DISMISSED WITHOUT PREJUDICE**.

15

16       2.    The Court **GRANTS** Defendants Houston, Valenzuela, Khatri, and
               Esperanza's motion to dismiss and Defendant Martinez's motion to dismiss
17             on Eleventh Amendment grounds to the extent that Plaintiff seeks
               damages against Defendants in their official capacities and rules that such
18             claims be **DISMISSED WITH PREJUDICE**.

19

20 The Court also **GRANTS** Plaintiff's motion for leave to amend (Doc. No. 47.) and

21 **DENIES** Plaintiff's motion for entry of default (Doc. No. 60.).

22

23       **IT IS SO ORDERED.**

24

25 DATE: March 25, 2009

26                                    _____
                                      HON. THOMAS J. WHELAN
27                                    United States District Court
                                      Southern District of California
28

-10-                              07-CV-1684 (AJB)